█ In the Matter of the Claim of Herbert Charbonneau, Claimant, against Alco Products, Incorporated, Appellant, and Special Funds Conservation Committee, Respondent. Workmen's Compensation Board, Respondent.— Appeal by a self-insured employer from a decision and award

of the Workmen's Compensation Board which awarded compensation to the claimant, and discharged the Special Disability Fund from liability on a claim for reimbursement filed by the employer under subdivision 8 of section 15 of the Workmen's Compensation Law. The only issue on appeal is whether the self-insured employer is entitled to reimbursement from the Special Disability Fund created by subdivision 8 of section 15 of the Workmen's Compensation Law. As to this issue the board found that the employer did not rehire the claimant in 1950, following a layoff in 1948, with knowledge that the claimant had a pre-existing permanent physical impairment which was, or likely to be a hindrance or obstacle to employment. When claimant was rehired by the appellant employer he was given a physical examination on October 30, 1950. As part of the record of such physical examination claimant in answering certain questions on the form used reported that he had consulted a physician in November, 1941 for a nervous condition, and that he had received a medical discharge from the Army in 1945 because of " nerves ". On the employer's physical employment record claimant was given a physical classification of " B " upon rehiring. A physician for the carrier testified that such a classification meant an applicant had some defects that were not of such a nature as to require placing any restrictions on the work for which he was hired. Claimant was hired as a laborer. On May 17, 1951 claimant sustained an accident resulting in an injury to his back. He has been found to be permanently partially disabled and is still being paid compensation. The board has found in effect that claimant's nervous condition, and the employer's knowledge thereof, was not sufficient to support a finding that he was rehired by the employer with knowledge that he had such a pre-existing permanent physical impairment that was likely to be a hindrance to employment. This issue we think was an issue of fact and presents no issue of law that would justify judicial interference. Decision and award unanimously affirmed, with costs to the Special Funds Conservation Committee. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.